**WELSH MANUFACTURING COMPANY,**
Plaintiff,

v.

**ATLANTIC OPTICAL PRODUCTS, Inc.,**
Atlantic Trading Company, Inc.,
Defendants (two cases).
Civ. A. Nos. 1555, 1589.

United States District Court
D. Rhode Island.
May 2, 1955.

---

Herbert B. Barlow, Providence, R. I., for plaintiff.

Philip B. Goldberg, Providence, R. I., for defendants.

DAY, District Judge.

These are two civil actions involving alleged infringements by the defendants of two patents. In civil action No. 1555, the plaintiff claims infringement by the defendants of United States Patent No. 2,507,474 and in civil action No. 1589, infringement of United States Patent No. 2,496,969.

The complaint in civil action No. 1555 was filed in this Court on March 26, 1953; and that in civil action No. 1589, on July 9, 1953. By agreement of the parties the cases were consolidated for trial.

At the commencement of the fall term of this Court in October 1954 counsel for the parties indicated that they were ready for trial at this term. The actions were reached for trial on March 22, 1955. A few days prior thereto counsel for the defendants advised me that he wished to withdraw as counsel and indicated that new counsel were planning to enter their appearance for the defendants. At that time I made it plain that I would not permit a change of counsel to delay the trial of these cases. On the trial date counsel for the defendants made a formal motion for leave to withdraw as counsel which I denied. The trial then proceeded and counsel for the defendants failed to participate in the trial or to present any evidence, and at the conclusion of the plaintiff's case moved for a continuance. This request was denied by me for the reasons set forth in the transcript of the proceedings and the trial was concluded.

I have now reviewed the testimony and exhibits and in conformity with the provisions of Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., I make the following findings of fact and state my conclusions of law.

Findings of Fact

1. Plaintiff, Welsh Manufacturing Company, is a corporation of Rhode Island, having a place of business at 9 Magnolia Street, Providence, Rhode Island.

2. Defendant, Atlantic Optical Products, Inc., is a corporation of Rhode Island, having a regular and established place of business at 387 Charles Street, Providence, Rhode Island. Defendant, Atlantic Trading Company, Inc., is a Rhode Island corporation having a regular and established place of business at 387 Charles Street, Providence, Rhode Island.

3. Atlantic Optical Products, Inc., engages in manufacturing and selling to Atlantic Trading Company, Inc. Atlantic Trading Company, Inc. sells the product purchased from Atlantic Optical Products, Inc. to the trade.

4. This is a Civil Action brought under the patent laws of the United States, in which the plaintiff seeks a judgment from this court that defendants have infringed the claim of patent No. 2,496,969, entitled "Spectacle Sweat Bar" and claims 1, 2 and 4 of patent No. 2,507,474, entitled "Brow Bar Support for Goggles".

5. Patent No. 2,496,969 issued February 7, 1950 to plaintiff and title to the patent has been in the plaintiff since this date.

6. Patent No. 2,507,474 issued May 9, 1950 to plaintiff and title to the patent has been in the plaintiff since this date.

7. In the specification of patent No. 2,494,969 in suit, the invention is described as comprising a pair of lens rims, a single bar fixed to and extending between the lens rims at their upper edges with the ends of the bars bent rearwardly back upon themselves in parallel relation to and spaced from the plane of the lenses and extending into the end portions of a sweat bar of non-metallic material.

8. In the specification of patent No. 2,507,474 in suit, the invention is described as comprising a pair of lens rims with a means for connecting said rims and in addition a brow support located rearwardly of the rims at their upper edges, which brow support comprises or is made up of one bar attached to one rim and a second bar attached to the other rim. The bars extend toward each other and into the tubular end portions of a non-metallic cushion, the non-metallic cushion being the only connecting means between these two bars. The bars are said to be soldered to the rims and the cushion may be cemented on the bars and in some cases the cushion bore and cross section of the bars are out of round so as to prevent the cushion from turning on the bars.

9. Plaintiff mailed to defendant, Atlantic Optical Products, Inc., on May 29, 1950, a letter asserting that defendant infringed patent No. 2,496,969.

10. Plaintiff mailed to defendant, Atlantic Optical Products, Inc., on May 17, 1950, a letter asserting that defendant infringed patent No. 2,507,474.

11. In May, 1950, the officers of the Atlantic Optical Products, Inc. and Atlantic Trading Company, Inc. were the same, and therefore notice of infringement of the patents in suit to Atlantic Optical Products, Inc. is notice of infringement of the patents in suit to Atlantic Trading Company, Inc.

12. The form of structure shown in plaintiff's Exhibit 5 was sold by the defendants since defendants received notice in the letter dated May 17, 1950 of the infringement of patent No. 2,507,474 and prior to the filing of the complaint in Civil Action No. 1555 and also since the filing of Civil Action No. 1555.

13. The form of structure shown in plaintiff's Exhibit 6 was sold by the defendants since defendants received notice in the letter dated May 29, 1950, of the infringement of patent No. 2,496,969 and prior to the filing of the complaint in Civil Action No. 1589 and also since the filing of Civil Action No. 1589.

14. Exhibit 5 is accused as an infringement of claims 1, 2, and 4 of patent No. 2,507,474.

15. Exhibit 6 is accused as an infringement of the single claim of patent No. 2,496,969.

16. Plaintiff's Exhibit 5 and plaintiff's Exhibit 6 each included a molded, non-metallic cushion obtained from Foster Grant. The non-metallic cushion in each exhibit was assembled with a metallic bar by inserting the ends of the metallic bars into the openings in the ends of the non-metallic cushion.

17. Exhibit 5 infringes claims 1, 2, and 4 of patent No. 2,507,474 and Exhibit 6 infringes the single claim of patent No. 2,496,969.

18. The plaintiff has waived any accounting of profits by the defendants arising from such infringements.

## Conclusions of Law

1. Plaintiff's patents, Nos. 2,507,474 and 2,496,969, are valid.

2. Plaintiff is entitled to judgment that defendants have infringed both of said patents, Nos. 2,507,474 and 2,496,969.

3. Plaintiff is entitled to a perpetual injunction against defendants' further infringement of said patents.

Judgment in accordance with this opinion shall be entered in favor of the plaintiff in each action.